<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **HOWARD GUTMAN**, <br><br> Plaintiff, <br><br> v. <br><br> **LIBERTY BANKERS LIFE INSURANCE COMPANY,** *et al.*, <br><br> Defendants. | Civil Action No. 24-8076 (ZNQ) (RLS) <br><br> **OPINION** |

<u>**QURAISHI, District Judge**</u>

**THIS MATTER** comes before the Court upon a Motion to Dismiss filed by Defendant Liberty Bankers Life Insurance Company ("Liberty" or "Defendant") (the "Motion," ECF No. 7.) Defendant filed a brief in support of its Motion. ("Moving Br.," ECF No. 7-1.) *Pro se* Plaintiff Howard Gutman[1] ("Gutman" or "Plaintiff") filed a brief in opposition ("Opp'n Br.," ECF No. 9) and various exhibits (ECF Nos. 9-2 to 9-5.) Defendant submitted a reply. ("Reply Br.," ECF No. 10.) The Court has carefully considered the parties' submissions and decides the Motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1.[2] For the reasons set forth below, the Court will **GRANT** Defendant's Motion.

---

[1] While Gutman is appearing *pro se*, the Court notes that he is an attorney admitted in both New Jersey and this District.
[2] Hereinafter, all references to "Rule" or "Rules" refer to the Federal Rules of Civil Procedure unless otherwise noted.

1

I.      **BACKGROUND AND PROCEDURAL HISTORY**[3]

In briefest terms, Plaintiff alleges that Defendant violated the Telephone Consumer Protection Act ("TCPA") by calling Plaintiff's cellphone using an automatic telephone dialing system ("ATDS"). (Compl. ¶ 3, p. 1.)[4]

On or about September 20, 2022, Plaintiff answered a phone call from Defendant whereby Defendant solicited the purchase of life insurance. (*Id.* ¶¶ 4–5, p. 1–2.) In addition to that September 20, 2022 call, Plaintiff alleges that he received multiple calls from Defendant. (*Id.* ¶ 3, p. 1.) As alleged, the "calls were designed to facilitate a marketing scheme soliciting individuals, despite their registration" on state and federal do-not-call lists. (*Id.* ¶ 6, p. 2.) Plaintiff alleges that he advised Defendant to stop its calls to no avail. (*Id.* ¶ 7, p. 2.)

Plaintiff filed his Complaint on June 17, 2024 in the Superior Court of New Jersey Law Division, Monmouth County, Special Civil Part. (*See generally id.*) The Complaint purports to bring suit on behalf of a class that is not fully defined.[5] Count One alleges a violation of "state and federal do-not-call list[s]." (*Id.*) Count Two alleges a violation of the New Jersey Consumer Fraud Act ("NJCFA"), N.J. Stat. Ann. § 56:8-1 *et seq.*, and common law fraud, harassment, and "tortious prohibitions against repeated solicitations." (*Id.*) Count Three alleges similar claims against John Doe defendants who are the alleged telemarketers and agents of Defendant who assisted in the fraud. (*Id.*)

---

[3] For the purpose of considering this Motion, the Court accepts all factual allegations in the Complaint as true. *See Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008).
[4] The Court cites to both page numbers and paragraphs herein given that Plaintiff's numbered paragraphs in his Complaint start over for each count.
[5] Plaintiff alleges that "[t]his action is appropriate for [class] certification because questions of law and fact common to the members of the class predominate over questions affecting individual members." (Compl. ¶ 10, p. 2.) Plaintiff also alleges that "Plaintiff and class members have claims for violation of state and federal do-not-call statutes." (*Id.* ¶ 8, p. 2.) The Court notes that whether Plaintiff seeks to plead his claims as a putative class action is immaterial for adjudication of the instant Motion.

On July 26, 2024, Defendant removed the matter to this Court on the basis of federal question jurisdiction. (ECF No. 1.) Thereafter, on August 8, 2024, Defendant filed the instant Motion to Dismiss. (ECF No. 7.)

## II.   SUBJECT MATTER JURISDICTION

The Court has subject matter jurisdiction over this suit pursuant to 28 U.S.C. §§ 1331 and 1332 because the Complaint asserts a violation of the TCPA, 47 U.S.C. § 227, and because the parties are diverse and the amount in controversy exceeds $75,000.

## III.   LEGAL STANDARD

### A.   Rule 12(b)(6)

Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (abrogated on other grounds)).

A district court conducts a three-part analysis when considering a motion to dismiss pursuant to Rule 12(b)(6). *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (alteration in original) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court must accept as true all of the plaintiff's well-pled factual allegations and "construe the complaint in the light most favorable to the plaintiff." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). The court, however, may ignore legal conclusions or factually unsupported accusations that merely state the defendant unlawfully harmed the plaintiff. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Finally, the court must determine whether "the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211

(quoting *Iqbal*, 556 U.S. at 679). A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 663).

On a Rule 12(b)(6) motion, the "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)). Lastly, generally, "a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). But where a document is "integral to or explicitly relied upon in the complaint," it "may be considered without converting the motion to dismiss into one for summary judgment" under Rule 56. *Doe v. Princeton Univ.*, 30 F.4th 335, 342 (3d Cir. 2022).

**B.     Rule 9**

Fraud-based claims are subject to a heightened pleading standard, requiring a plaintiff to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). For a fraud-based claim, a court may grant a motion to dismiss pursuant to Rule 9(b) if the plaintiff fails to plead with the required particularity. *See Frederico v. Home Depot*, 507 F.3d 188, 200–02 (3d Cir. 2007). The level of particularity required is such that a defendant is provided with sufficient details to be put on notice of the "precise misconduct with which [it is] charged." *Id.* at 200 (citation omitted). At a minimum, Rule 9(b) requires a plaintiff to allege the "essential factual background that would accompany the first paragraph of any newspaper story—that is, the 'who, what, when, where and how' of the events at issue." *In re Suprema Specialties, Inc. Sec. Litig.*, 438 F.3d 256, 276–77 (3d Cir. 2006) (citation omitted).

**IV.     DISCUSSION**

In the Motion, Defendant argues that the Complaint fails to allege facts to support its causes of action. (Moving Br. at 1.) More specifically, the Complaint does not allege who made the calls, when the calls were made, or the numbers the calls were made from. (*Id.* 1, 6.) For Count One, Defendant argues that the Court should grant its Motion because Plaintiff fails to allege that Defendant made a call that solicited him. (*Id.* at 7.) For Count Two, Defendant argues that Plaintiff has not adequately alleged a violation of the NJCFA. (*Id.* at 7–8.) Defendant does not address Plaintiff's common law claims.

Plaintiff argues that Defendant's Motion should be denied because a similar class action complaint against Defendant was filed in the Central District of California. (Opp'n Br. at 2.)[6] Plaintiff maintains that the Complaint adequately alleges conduct violating the TCPA because it recites the date of a violative call and the subject matter of that call. (*Id.* at 3.) Plaintiff relies on the complaint in the federal case in California to show that his Complaint is similar to the allegations there. (*Id.* at 2–4.) Plaintiff moreover claims that Defendant's conduct violated New Jersey state law and adds that "[u]nder Federal Rule of Evidence 404, material cited in the [California] class action [case] recites a common plan or scheme and could be admitted into evidence at a trial." (*Id.* at 4.) Lastly, Plaintiff accuses Defendant of using "*Iqbal* as a shield for its misleading conduct." (*Id.* at 5.)[7]

The Court will first address whether to dismiss Count One of the Complaint and then will address Count Two.

---

[6] Plaintiff does not state whether he is a class member in that California case.
[7] In its reply brief, in addition to reiterating arguments made in its Motion, Defendant argues that the Complaint should be dismissed with prejudice given that any amendment would be futile. (Reply Br. 3–4.)

### A.     Count One: the TCPA

Although unclear, the Court infers from the Complaint that it seeks to assert two different claims under the TCPA: one for calling Plaintiff with an ATDS without his consent under 47 U.S.C. § 227(b)(1); and another for calling Plaintiff given that he is on the National Do-Not-Call Registry under 47 U.S.C. § 227(c)(5).

Congress enacted the TCPA "to protect individual consumers from receiving intrusive and unwanted calls." *Gager v. Dell Fin. Servs., LLC*, 727 F.3d 265, 268 (3d Cir. 2013). The TCPA "makes it unlawful to use an automatic telephone dialing system . . . without the prior express consent of the called party, to call . . . any cellular telephone[.]" *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 373 (2012). An ATDS means any equipment which has the capacity to store or produce telephone numbers, and to dial such numbers. 47 U.S.C. § 227(a)(1).

The TCPA creates a private cause of action by allowing a "person or entity" to enjoin violators of the TCPA and "recover for actual monetary loss from such a violation, to receive $500 in damages for each such violation, whichever is greater." 47 U.S.C. § 227(b)(3). To sustain a claim under the TCPA for calling via an ATDS without prior consent, a plaintiff must establish three elements: "(1) the defendant called a cellular telephone number; (2) using an automatic telephone dialing system; (3) without the recipient's prior express consent." *Viggiano v. Lakeshore Equip. Co.*, Civ. No. 17-707, 2018 WL 11310868, at *4–5 (D.N.J. Jan. 11, 2018) (citing 47 U.S.C. § 227(b)(1)). Although it may be difficult to plead the particulars of the alleged ATDS a defendant used, a plaintiff must allege facts that would allow a court to plausibly infer that a defendant used an ATDS. *Montinola v. Synchrony Bank*, Civ. No. 17-8963, 2018 WL 4110940, at *2 (D.N.J. Aug. 28, 2018).

The TCPA separately prohibits calls to any subscriber on the National Do-Not-Call database. 47 U.S.C. § 227(c)(3); *id.* § 227(c)(5) (establishing a private right of action for violations of 47 C.F.R. §§ 64.1200(c) and (d); 47 C.F.R. §§ 64.1200(d)(1)-(6) (identifying requirements for internal do-not-call list policies and procedures). The TCPA's implementing regulations require entities making telemarketing calls to have a written policy for maintaining a Do-Not-Call list and that those entities honor residential telephone subscribers' requests that the entity not call them. 47 C.F.R. § 64.1200(d)(1) and (3). That regulation, codified at 47 C.F.R. § 64.1200(c), specifically provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone that is maintained by the federal government." 47 C.F.R. § 64.1200(c).

As an initial matter, neither party meaningfully addresses whether the Complaint meets the elements required to plead either claim under the TCPA. Instead, Defendant contends that the allegations in the Complaint are bare and conclusory and not specific enough to show that Defendant made a call to Plaintiff. (Moving Br. at 7.)

The Court has reviewed the Complaint and agrees that it does not adequately allege the elements to make out a *prima facie* violation of the TCPA under either 47 U.S.C. §§ 227(b)(1) or (c)(5). Specifically, the Court finds that Plaintiff has adequately pled that Defendant called Plaintiff on or about September 20, 2022 and the contents of that call. (Compl. ¶ 4, p. 1.) Plaintiff has also adequately pled that the call was unconsented to. (*Id.* ¶¶ 1, 4, 6, p. 1–2.) As to the ATDS, however, the Complaint only baldly alleges that "Defendant initiated multiple telephone calls to Plaintiff's cellular telephone number using an automatic telephone dialing system." (*Id.* ¶ 3, p. 1.) Beyond that, the Complaint does not allege any facts to allow the Court to plausibly infer that

7

Defendant used an ATDS. *See Montinola*, 2018 WL 4110940, at *2 ("Plaintiff does not provide any factual allegation as to whether there was a pause at the beginning of the call, whether the voice on the other end sounded robotic, or whether the calls all came from the same number."). This Court has repeatedly found that a bare allegation that a defendant used an ATDS is insufficient to state a TCPA claim. *See, e.g.*, *Trumper v. GE Capital Retail Bank*, 79 F. Supp. 3d 511, 513 (D.N.J. 2014); *Deleo v. Nat'l Republican Senatorial Comm.*, Civ. No. 22-3807, 2021 WL 5083831, at *6 (D.N.J. Nov. 1, 2021). Accordingly, Plaintiff fails to state a claim under 47 U.S.C. § 227(b)(1).

Regarding Plaintiff's claim based on 47 U.S.C. § 227(c)(5), Plaintiff alleges that he is "duly registered on the Do-Not-Call Registry," (Compl. ¶ 1, p. 1), and that Plaintiff answered a call on his cellular telephone despite "his registration on the Do-Not-Call List," (*id.* ¶ 4, p. 1). To state a claim for a violation of 47 U.S.C. § 227(c), however, more is required. A plaintiff must plead that (1) he or she received multiple calls within twelve months, (2) the calls were by or on behalf of the same entity, and (3) the calls were to a residential phone registered on the National Do-Not-Call List. *Deleo*, 2021 WL 5083831, at *6; *Camunas v. Nat'l Republican Senatorial Comm.*, Civ. No. 21-1005, 2021 WL 2144671, at *4 (E.D. Pa. May 26, 2021).

Here, Plaintiff does not allege that he received multiple calls within a twelve-month period. Instead, Plaintiff simply alleges that "Defendant initiated multiple telephone calls to Plaintiff," and "Defendant repeatedly solicited plaintiff." (Compl. ¶ 3, p.1, ¶ 4, p. 2.) There is no allegation addressing when the phone calls were received or the period of time in which they were received. Importantly, although it is presumed that wireless subscribers who ask to be put on Do-Not-Call lists are "residential subscribers" under the TCPA, Plaintiff fails to allege that his cellular telephone number was not used for a business purpose. *See* 47 C.F.R. § 64.1400(d)(3); *but see*

8

*Valdes v. Century 21 Real Est. LLC.*, Civ. No. 19-5411, 2019 WL 5388162, at *3 (D.N.J. Oct. 22, 2019) (concluding that the plaintiff did state a claim under 47 U.S.C. § 227(c)(5) because the plaintiff alleged that his cellular telephone number was not used for a business purpose).  In short, although Plaintiff claims that he received calls from Defendant, the Complaint contains factually unsupported accusations and conclusions.  Accordingly, Plaintiff also fails to state a claim under 47 U.S.C. § 227(c)(5).

Insofar as the Court finds that the Complaint does not state a claim under either relevant section of the TCPA, Count One will be dismissed without prejudice.  In any subsequent amended complaint, Plaintiff shall set forth his separate claims under the TCPA as distinct counts.

### B. Count Two: NJCFA[8] and Common Law

Plaintiff separately alleges that Defendant's conduct violates the NJCFA and the common law tort of "prohibitions against repeated solicitations and harassment." (*See* Compl.)  "To state a *prima facie* case under the [NJCFA], a plaintiff must demonstrate three elements: (1) unlawful conduct by the defendant; (2) an ascertainable loss by the plaintiff; and (3) a causal connection between the defendant's unlawful conduct and the plaintiff's ascertainable loss." *Mickens v. Ford Motor Co.*, 900 F. Supp. 2d 427, 436 (D.N.J. 2012); *Zelma v. Penn LLC*, Civ. No. 19-8725, 2020 WL 278763, at *8 (D.N.J. Jan. 17, 2020) (not reaching ascertainable loss but dismissing the plaintiff's NJCFA claim because the plaintiff received a text message and not a phone call).

"Unlawful conduct" is defined in the NJCFA as being

> the act, use or employment by any person of any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise. . . .

---

[8] Plaintiff's NJCFA claim falls under what is commonly referred to as New Jersey's "Do-Not-Call Law," N.J. Stat. Ann. §§ 56:8-119 *et seq.  See Zelma v. Art Conway*, Civ. No. 12-256, 2013 WL 6498548, at *1 (D.N.J. Dec. 11, 2013).

9

N.J. Stat. Ann. § 56:8-2. "The 'prime ingredient' underlying all types of unlawful conduct is the 'capacity to mislead.'" *Mickens*, 900 F. Supp. 2d at 436 (quoting *Arcand v. Brother Int'l Corp.*, 673 F. Supp. 2d 282, 296 (D.N.J. 2009)).

Here, Plaintiff alleges that Defendant violated New Jersey's "Do-Not-Call Law" when they purportedly engaged in prohibited solicitation by calling Plaintiff to solicit him to purchase insurance products despite being on a do-not-call list. (Compl. ¶ 4, p. 2.) Although the NJCFA provides a remedy for soliciting phone calls, *see* N.J. Stat. Ann. § 56:8-130, and Plaintiff alleges that he received soliciting phone calls from Defendant, Plaintiff has not adequately pled ascertainable loss. *See Robey v. SPARC Grp. LLC*, 311 A.3d 463, 467 (N.J. 2024) ("[T]to state a [NJCFA] claim, private plaintiffs . . . must show that they suffered an 'ascertainable loss of moneys or property, real or personal, as a result of the use or employment by another person of any . . . practice declared unlawful under' the [NJCFA]." (quoting N.J. Stat. Ann. § 56:8-19)). In fact, the Complaint is devoid of any allegation of loss. Instead, the Complaint states in a conclusory fashion that "[t]he conduct outlined in the complaint violated the New Jersey Consumer Fraud Act." (Compl. ¶ 4, p. 2.) This conclusory allegation is insufficient to plead a claim under the NJCFA. Accordingly, Plaintiff's NJCFA claim will also be dismissed without prejudice.[9]

In addition to the NJCFA, Count Two also references the common law tort of "prohibitions against repeated solicitations and harassment." (*See* Compl. ¶ 5, p. 3.) The Court construes this allegation as an assertion of fraud, the tort of intrusion upon seclusion, and harassment.[10] In New

---

[9] The Court does not reach whether Plaintiff's NJCFA claim is duplicative of his TCPA claim given that no party has made that argument. Nonetheless, the Court notes that it is possible for the NJCFA claim to be duplicative. *See Sparkle Hill, Inc. v. Invecor, LLC*, Civ. No. 13-4172, 2014 WL 4755490, at *3 (D.N.J. Sept. 23, 2014) (agreeing with the defendant's argument that the plaintiff's TCPA and NJCFA claims were duplicative).

[10] There is no common law tort for "repeated solicitations and harassment." The Court, however, attempts to construe Plaintiff's claims liberally to encompass common law torts Plaintiff may have meant to allege.

10

Jersey, a fraud claim requires proof of (1) a material misrepresentation of an existing or prior fact, (2) the perpetrator's knowledge of the falsity, (3) an intent that the other party will rely on the misrepresentation, (4) reasonable reliance, and (5) damages. *D'Ottavio v. Slack Techs.*, Civ. No. 18-09082, 2022 WL 15442211, at *5 (D.N.J. Oct. 26, 2022). False representations that induce sales or solicitations constitute fraud. *Id.* Here, Plaintiff has not alleged the elements of fraud which are subject to the heightened pleading standard of Rule 9. *See* Fed. R. Civ. P. 9. Although Plaintiff alleges that he received phone calls from Defendant, he never alleges that he made a purchase or a sale resulting from the calls, i.e., that he suffered harm. Additionally, there is no reference in the Complaint as to who specifically made the calls, what happened on the calls, whether the calls were related, and the details of the calls. Thus, the "who, what, when, where and how" of the events at issue are not properly alleged. *See In re Suprema Specialties, Inc.*, 438 F.3d at 276–77.

The Court further construes Plaintiff's claim that Defendant violated the common law prohibitions against repeated solicitations as a claim for intrusion upon seclusion. To plead the tort of intrusion upon seclusion, a plaintiff must allege (1) an intentional intrusion, (2) upon the seclusion of another, (3) that is highly offensive to a reasonable person. *In re Nickelodeon Consumer Priv. Litig.*, 827 F.3d 262, 293 (3d Cir. 2016) (citing *Hennessey v. Coastal Eagle Point Oil Co.*, 609 A.2d 11, 17 (N.J. 1992)). Courts have explained that the "thrust" of an intrusion upon seclusion claim is that "a person's private, personal affairs should not be pried into" and that "there is no wrong where defendant did not actually delve into plaintiff's concerns, or where plaintiff's activities are already public or known." *D'Ambly v. Exoo*, Civ. No. 20-12880, 2021 WL 5083816, at *8 (D.N.J. Nov. 1, 2021). Here, Plaintiff has failed to plead the requisite elements. The Complaint does not identify what information related to Plaintiff's personal affairs were intruded

11

upon, nor does the Complaint plausibly allege that Defendant's conduct was highly offensive to a reasonable person.  *See Jevremovic v. Courville*, Civ. No. 22-4969, 2024 WL 4024144, at *7 (D.N.J. Aug. 30, 2024).

Lastly, with respect to Plaintiff's common law harassment claim, there is little caselaw that addresses the "tortious prohibitions against . . . harassment," as the Complaint alleges.  (*See* Compl. ¶ 5, p. 3.)  It is generally understood, however, that a requisite element of the "tort of harassment" is that the alleged tortious conduct be without justification, or that it served no legitimate purpose.  *Olick v. Northampton Cnty.*, Civ. No. 07-10880, 2010 WL 4509828, at *7 (Bankr. E.D. Pa. Nov. 9, 2010) (citing Restatement (Second) of Torts § 870 (1979) (requiring that tortious conduct be "not justifiable under the circumstances")).  Here, the Complaint simply mentions that Defendant's conduct "violates the common law tortious prohibitions against . . . harassment," without more.  (Compl. ¶ 5, p. 3.)  Additionally, the Complaint provides that Defendant initiated multiple calls to Plaintiff yet only provides the date of one of them.  (*Id.* ¶¶ 3, 4, p. 1.)  It simply cannot be said on this Complaint that Plaintiff properly pleads harassment.

Accordingly, Plaintiff's common law claims, as construed herein, will be dismissed without prejudice.[11]  In any subsequent amended complaint, Plaintiff shall specify in greater detail what common law claims he is asserting and the bases for those claims.

---

[11] For the same reasons as already discussed, the Court will dismiss Count Three against the Doe defendants without prejudice.

12

## V.   CONCLUSION

For the reasons stated above, the Court will **GRANT** Defendant's Motion. Plaintiff will be given leave to file an Amended Complaint within thirty days from the date of the accompanying Order, limited to addressing the deficiencies identified in this Opinion. An appropriate Order will follow.


Date: February 26, 2025

                                                 s/ Zahid N. Quraishi
                                                 **ZAHID N. QURAISHI**
                                                 **UNITED STATES DISTRICT JUDGE**