**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **HOWARD GUTMAN**,<br><br>       Plaintiff,<br><br>   v.<br><br>**LIBERTY BANKERS LIFE INSURANCE CO.**, *et al.*,<br><br>       Defendants. | Civil Action No. 24-8076 (ZNQ) (RLS)<br><br>**OPINION** |

**QURAISHI, District Judge**

  **THIS MATTER** comes before the Court upon a Motion to Dismiss filed on May 12, 2025 by Defendant Liberty Bankers Life Insurance Company ("Defendant"). (ECF No. 18.) Defendant filed a brief in support of its Motion. ("Moving Br.," ECF No. 18-1.) *Pro se* Plaintiff Howard Gutman[1] filed an Opposition ("Opp.," ECF No. 20), to which Defendant replied ("Reply," ECF No. 21).

  The Court has carefully considered the parties' submissions and decides the Motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, the Court will **GRANT-IN-PART** and **DENY-IN-PART** Defendant's Motion.

---

[1] While Plaintiff is appearing *pro se*, the Court notes that he is an attorney admitted in both New Jersey and this District.

**I.   BACKGROUND AND PROCEDURAL HISTORY**

On June 21, 2024, Plaintiff filed his initial complaint against Defendant in the Superior Court of New Jersey, alleging a "violation of state and federal do not call list[s]," a violation of "consumer fraud act and common law," and the same claims against two John Doe defendants. (ECF No. 1.)  Thereafter, Defendant removed the matter to this Court on the basis of federal question jurisdiction. (*Id.*)  On August 8, 2024, Defendant filed a motion to dismiss (ECF No. 7), which the Court ultimately granted (ECF No. 11). The Court granted Plaintiff leave to file an amended complaint, which he did on April 21, 2025. ("FAC," ECF No. 15.)  Defendant has now moved to dismiss the FAC.  (ECF No. 18.)

In sum, Plaintiff alleges that Defendant made unsolicited calls to Plaintiff's cellphone using an automatic telephone dialing system. (FAC, Count One ¶ 4.)  Plaintiff claims that he received unsolicited calls from individuals associated with Defendant on September 20, 2022, November 27, 2024, April 18, 2025, and April 21, 2025. (*Id.* ¶¶ 5–7, 13.)  Although the exact dates are not specifically identified, Plaintiff appears to allege that additional calls have been made as well. (*Id.* ¶¶ 9, 13.)  According to Plaintiff, Defendant is soliciting the purchase of insurance and burial related services. (*Id.* ¶¶ 5, 6, 9.)  Plaintiff now brings three counts against Defendant: (1) "Violation of State and Federal Do Not Call List[s];" (2) "Consumer Fraud Act and common law deception;" and (3) "Intentional or Negligent Infliction of Emotional Distress." (*See generally id.*)  Plaintiff also brings a fourth count asserting the same claims against John Doe defendants who are the alleged telemarketers and agents of Defendant who assisted in the fraud. (*Id.*)

**II.   SUBJECT MATTER JURISDICTION**

The Court has subject matter jurisdiction over this suit pursuant to 28 U.S.C. §§ 1331 and 1332 because the Complaint asserts a violation of the Telephone Consumer Protection Act

("TCPA"), 47 U.S.C. § 227, and because the parties are diverse and the amount in controversy exceeds $75,000.

## III. LEGAL STANDARD

### A. Rule 12(b)(6)

Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (abrogated on other grounds)).

A district court conducts a three-part analysis when considering a motion to dismiss pursuant to Rule 12(b)(6). *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (alteration in original) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court must accept as true all of the plaintiff's well-pled factual allegations and "construe the complaint in the light most favorable to the plaintiff." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). The court, however, may ignore legal conclusions or factually unsupported accusations that merely state the defendant unlawfully harmed the plaintiff. *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Finally, the court must determine whether "the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679). A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 663).

On a Rule 12(b)(6) motion, the "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)). Lastly, generally, "a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings." *In re*

*Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).  But where a document is "integral to or explicitly relied upon in the complaint," it "may be considered without converting the motion to dismiss into one for summary judgment" under Rule 56.  *Doe v. Princeton Univ.*, 30 F.4th 335, 342 (3d Cir. 2022).

B.      **Rule 9**

Fraud-based claims are subject to a heightened pleading standard, requiring a plaintiff to "state with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b).  For a fraud-based claim, a court may grant a motion to dismiss pursuant to Rule 9(b) if the plaintiff fails to plead with the required particularity.  *See Frederico v. Home Depot*, 507 F.3d 188, 200–02 (3d Cir. 2007).  The level of particularity required is such that a defendant is provided with sufficient details to be put on notice of the "precise misconduct with which [it is] charged."  *Id*. at 200 (citation omitted).  At a minimum, Rule 9(b) requires a plaintiff to allege the "essential factual background that would accompany the first paragraph of any newspaper story—that is, the 'who, what, when, where and how' of the events at issue."  *In re Suprema Specialties, Inc. Sec. Litig.*, 438 F.3d 256, 276–77 (3d Cir. 2006) (citation omitted).

IV.     **DISCUSSION**

Defendant moves to dismiss each count of the FAC.  The Court will address each argument in turn.

A.      **Count One: Telephone Consumer Protection Act**

Like Plaintiff's initial complaint, the FAC appears to assert two different claims under the TCPA within a single count.  The majority of the allegations (FAC Count One ¶¶ 3–19) are devoted to the first claim alleging a violation of 47 U.S.C. § 227(b)(1), which generally prohibits making calls using an "automatic telephone dialing system" or "artificial or prerecorded voice" without

4

consent. 47 U.S.C. § 227(b)(1)(A)(iii).  A few allegations (FAC Count One ¶¶ 1, 3) appear to assert a second claim for violation of 47 U.S.C. § 227(c)(3)(f), which prohibits solicitation calls to individuals on the National Do-Not-Call database.  47 U.S.C. § 227(c)(3(f); *id.* § 227(c)(5) (establishing a private right of action).

1. <u>Regulation of ATDS Calls under 47 U.S.C. § 227(b)(1)</u>

To bring a claim under 47 U.S.C. § 227(b)(1)(A)(iii), a plaintiff must allege "that (1) the defendant called a cellular telephone number; (2) using [an automatic telephone dialing system ("ATDS") or] prerecorded voice; (3) without the recipient's prior express consent." *Doyle v. Matrix Warranty Solutions, Inc.*, 679 F. Supp. 3d 42, 45 (D.N.J. 2023) (citation modified).  An ATDS means any equipment which has the capacity to store or produce telephone numbers, and to dial such numbers.  *See* 47 U.S.C. § 227(a)(1).

Defendant first argues that Plaintiff fails to adequately allege that Defendant was the caller. (Moving Br. at 7.)  In support of this argument, Defendant relies on *Arcieri v. Suntuity Solar Ltd. Liab. Co.*, Civ. No. 20-16292, 2021 U.S. Dist. LEXIS 186205 (D.N.J. Sept. 27, 2021).[2]  In that case, the plaintiff alleged that at least a subset of the calls she received identified Suntuity as the caller and that the caller left voicemails specifically asking the plaintiff to call back Suntuity at a specified number.  *Id.* at *11.  Defendant argues that this case is readily distinguishable from *Arcieri*, because Plaintiff's use of the word "associated" does not suggest that the call was actually made by Defendant and "Liberty Banker" may refer to an entity other than Defendant.  (Moving Br. at 8.)  Moreover, Defendant argues that Plaintiff failed to provide the phone numbers that allegedly made the calls.  (*Id.*)

---

[2] There does not appear to be a Westlaw citation for this Opinion.  Defendant also misstated both the plaintiff's name and Lexis citation in its brief.

None of these arguments are persuasive. As alleged, it appears that at least some of the calls appear to be made on behalf of Defendant. Plaintiff adequately alleges that the calls were made by individuals "associated with Liberty Banker" and were "from or authorized by Liberty Banker." (FAC, Count One ¶¶ 5, 6, 9.) Contrary to Defendant's assertion otherwise, Plaintiff's use of the word "associated" reasonably suggests that the call was made on behalf of Defendant.

Defendant's contention that "Liberty Banker" could refer to an entity other than Defendant is similarly unavailing. As alleged, Defendant sells "Final Expense" insurance, which can reasonably be understood as life insurance intended to cover end-of-life costs such as funeral expenses and medical bills. (FAC, Count One ¶ 2.) Moreover, at least some of the calls Plaintiff received concerned final expense insurance. (FAC, Count One ¶ 5.) Given the allegations that the callers claimed affiliation with an entity bearing the same name as Defendant and were marketing the same products Defendant allegedly sells, it is plausible that Defendant was responsible for the calls. Although it is possible that a different entity contacted Plaintiff, at this stage of the proceeding Plaintiff need only allege a plausible claim, not an ironclad one. *See Bradshaw v. CHW Group, Inc.*, Civ. No. 24-00114, 763 F. Supp. 3d 641, 647 (D.N.J. 2025). Plaintiff has undoubtedly done that. This inference is further supported by the numerous complaints filed with the Better Business Bureau and civil lawsuits against Defendant alleging similar conduct. (FAC, Count One ¶¶ 12, 15.)

Nor is it of any consequence that Plaintiff did not identify the phone numbers from which the calls originated. According to Plaintiff, Defendant used fake phone numbers to place the calls in order to conceal its identity. (*Id.* ¶ 6.) Under these circumstances, even if Plaintiff had listed the phone numbers, that information would have done little to identify Defendant. Indeed, Plaintiff alleges that on at least one occasion, when he attempted to return a call, the phone number was not

6

in service. (*Id.*)  This allegation lends further support to the irrelevance of the phone numbers used to call Plaintiff, at least for purposes of resolving Defendant's Motion.  For the reasons explained above, Plaintiff adequately alleges that Defendant made the calls.

Defendant also argues that Plaintiff fails to allege that he did not consent to the calls. (Moving Br. at 9.)  According to Defendant, although Plaintiff "claims he was registered on the Do-Not-Call Registry, no where (sic) does he explicitly state that he did not have consent from whatever entity did call him." (*Id.* at 9.)  However, Plaintiff specifically states that he "advised defendant calls and solicitations are unwelcome." (FAC, Count One ¶ 15.)  Thus, contrary to Defendant's assertion, the allegations in the FAC sufficiently plead that Plaintiff did not consent to the calls.  *See Smith v. Pro Custom Solar, LLC*, Civ. No. 19-20673, at *4 (D.N.J. Jan. 15, 2021). Accordingly, the Court finds that Plaintiff has stated a claim under 47 U.S.C. § 227(b)(1).

2. <u>Do Not Call Registry under 47 U.S.C. § 227(c)(5)</u>

The TCPA separately prohibits calls to any subscriber listed on the national do-not-call database.  *See* 47 U.S.C. § 227(c)(3); *id.* § 227(c)(5) (establishing a private right of action for violations of 47 C.F.R. §§ 64.1200(c) and (d)).  The TCPA's implementing regulations provide that "[n]o person or entity shall initiate any telephone solicitation to . . . [a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government."  47 C.F.R. § 64.1200(c).  To state a claim for a violation of these provisions, a plaintiff must plead that (1) he or she received multiple calls within twelve months, (2) the calls were by or on behalf of the same entity, and (3) the calls were to a residential phone registered on the national do-not-call list.  *See Deleo v. Nat'l Republican Senatorial Comm.*, Civ. No. 22-3807, 2021 WL 5083831, at *9 (D.N.J. Nov. 1, 2021).

In the Court's prior Opinion, it found that Plaintiff failed to allege that he received calls within a twelve-month period or that Defendant repeatedly solicited Plaintiff. ("Opinion," ECF No. 11 at 8.) Moreover, the Court also found that Plaintiff failed to allege that his telephone number was not used for a business purpose. (*Id.* at 8–9.) In the FAC, Plaintiff appears to have remedied the temporal deficiencies previously identified by the Court. (FAC, Count One ¶¶ 5–7.) Defendant, on the other hand, argues that Plaintiff once again failed to allege that his cellular number was a residential number. (Moving Br. at 9.) Plaintiff does not address this argument in his opposition. (*See generally* Opp.)

As an initial matter, the Court notes that "[t]he consensus in [the Third Circuit] is that Do Not Call claims may apply to cell phones." *Dudley v. Vision Solar, LLC*, Civ. No. 21-659, 2021 WL 3077557, at *5 (E.D. Pa. July 21, 2021) (collecting cases). However, while there is a presumption that telephone numbers on the do-not-call list are residential, Plaintiff was still required to allege *some* facts indicating that his cellular number was used for residential purposes. *See Atkinson v. Choice Home Warranty,* Civ. No. 2023 WL 166168, at *4 (D.N.J. Jan. 11, 2023) (holding that allegations of cell phone on do-not-call list, in conjunction with sole allegation that number was used for residential purposes, without additional detail, was sufficient to bring a claim). Here, Plaintiff has not alleged *any* facts that would suggest his cellphone number is used for residential purposes. Accordingly, the Court finds that the Plaintiff has failed to bring a claim under 47 U.S.C. § 227(c)(5).

**B.     Count Two: New Jersey Consumer Fraud Act and Common-Law Torts**

Defendant next moves to dismiss Plaintiff's claims brought under the New Jersey Consumer Fraud Act ("NJCFA") and common-law tort of deception. (Moving Br. at 10–11.) For the reason discussed below, Plaintiff has not adequately alleged a claim under either theory.

1. NJCFA

"To state a *prima facie* case under the [NJCFA], a plaintiff must demonstrate three elements: (1) unlawful conduct by the defendant; (2) an ascertainable loss by the plaintiff; and (3) a causal connection between the defendant's unlawful conduct and the plaintiff's ascertainable loss." *Mickens v. Ford Motor Co.*, 900 F. Supp. 2d 427, 436 (D.N.J. 2012). When the case is brought by a private plaintiff, as is the case here, the plaintiff "must show that they suffered an ascertainable loss of moneys or property, real or personal, as a result of the use or employment by another person of any . . . practice declared unlawful under the CFA." *Robery v. SPARC Grp. LLC*, 311 A.3d 463, 467 (N.J. 2024); *see also Thiedemann v. Mercedes-Benz USA, LLC*, 183 N.J. 234, 244 (2005) ("An ascertainable loss occurs when a consumer receives less than what was promised.").

Here, Defendant argues that the FAC is "devoid of any allegation of loss." (Moving Br. at 11.) Although Defendant is not entirely accurate in that regard, the Court nonetheless finds that Plaintiff's allegations of loss are insufficient to state a claim under the NJCFA. In the FAC, Plaintiff's lone allegation of loss is stated in Count One at paragraph 10:

> Instead since the purpose of the call and the identity of the caller are concealed, one needs to answer the call and stay on the line for some time to determine its purpose. *That is a cost*. The caller will not immediately disclose its identity. Instead it will provide a generic name such as senior benefits so that the call cannot be identified for legal purposes, and where convenient, defendant can deny making it or profess a lack of knowledge.

(FAC, Count One ¶ 10 (citation modified).) This alleged "cost" (i.e., the time it takes Plaintiff to answer the phone), however, is insufficient to establish an ascertainable loss under the CFA. Plaintiff has not alleged that he lost money or property as result of answering the call. Nor has Plaintiff alleged any facts to demonstrate that he received less than what he was promised (let

9

alone any allegation that he was promised something in the first place). Accordingly, Plaintiff has not sufficiently alleged a claim under the NJCFA.

        2.      <u>Common-Law Torts</u>

In the Court's prior Opinion, the Court instructed Plaintiff to specifically identify which common-law torts he was asserting and the bases for those claims. (Opinion at 12.) Plaintiff appears to remedy this defect in the FAC by specifically asserting a claim for "deception."[3] (FAC, Count Two.)

Defendant argues that Plaintiff's "deception claim is just another retelling of the plaintiff's fraud claim." (Moving Br. at 11.) While the two claims are closely related, there appears to be an important distinction between the two.[4] This distinction, recently explained by the Supreme Court, is that the common law tort of deceit requires that "the plaintiff must have 'suffered substantial damage'; in other words, economic loss." *Kousisis v. Untied States*, 605 U.S. 114, 128 (2025); *see also Dura Pharma., Inc. v. Broudo*, 544 U.S. 336, 343 (2005) ("The common law of deceit subjects a person who 'fraudulently' makes a 'misrepresentation' to liability for 'pecuniary loss caused' to one who justifiably relies upon that misrepresentation."). Fraud, on the other hand, does not require economic loss, but rather requires there to be some "deception-induced deprivation of property" which may or may not be pecuniary. *Kousisis*, 544 U.S. at 127.

Plaintiff's claims for common law fraud and common law deception claim suffer from the same defect: Plaintiff does not allege sufficient facts to demonstrate an appropriate injury under either tort. As alleged, Plaintiff's only loss is the few minutes it took him to answer the call and

---

[3] Plaintiff once again asserts that Defendant's conduct "violates common law tortious prohibitions against repeated solicitations and harassment." (FAC ¶ 11.) As the Court previously found, however, there is no common law tort for "repeated solicitations and harassment." (Opinion at 10 n.10.)

[4] The common law tort of deceit is also referred to as a misrepresentation. Restatement (Second) of Torts § 525 (2025).

10

speak with the sales representative. This is insufficient to establish an injury for either common-law fraud or deceit. Nor does Plaintiff allege to have purchased any items or to have been deprived of any property. Accordingly, Plaintiff has failed to allege a violation of common-law fraud or deceit.

### C. Count Three: Intentional or Negligent Infliction of Emotional Distress

Plaintiff's next asserts a claim for Intentional or Negligent Infliction of Emotional Distress. (FAC, Count Three.) According to Plaintiff, "[t]he possibility of death and making arrangements for that eventuality is a difficult subject for many, particularly senior citizens." (*Id.* ¶ 2.) As such, Plaintiff asserts that "[t]he scheme does cause emotional distress by its topic and the repeated communications." (*Id.* ¶ 4.)

Both of Plaintiff's emotional distress claims fail. To state a claim for intentional infliction of emotional distress claim in New Jersey, the plaintiff must: (1) establish intentional and outrageous conduct by the defendant; (2) proximate cause; and (3) distress that is severe. *See Griffin v. Tops Appliance City, Inc.*, 337 N.J. Super. 15, 22 (N.J. Super. Ct. App. Div. 2001). "The conduct must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id.* Defendant's alleged conduct—making unwanted calls to discuss final expense products—does not rise to the high bar required to state a claim for intentional infliction of emotional distress. While these calls may certainly be annoying and unwanted, without more, they do not "go beyond all possible bounds of decency." *Griffin*, 337 N.J. Super. at 22. Nor does Plaintiff plead facts indicating that he suffered any emotional harm because of these calls. Rather, Plaintiff asserts that these conversations may be difficult for senior citizens. (FAC, Count Three ¶ 2.) But these conclusory allegations concerning hypothetical individuals do not establish that

Plaintiff himself suffered any emotional distress. Thus, without more, Plaintiff's claim for intentional infliction of emotional distress fails.

Plaintiff's separate claim for negligent infliction of emotional distress is likewise insufficiently alleged. To state such claim, a plaintiff must allege : (1) a defendant owed a duty of reasonable care to plaintiff; (2) defendant breached that duty; (3) plaintiff suffered severe emotional distress; and (4) defendant's breach of duty was the proximate cause of the injury. *See Dello Russo v. Nagel*, 358 N.J. Super. 254, 269 (N.J. Super. App. Div. 2003). Here, there are no allegations to establish that Defendant owed a duty of care to Plaintiff, let alone any allegations that establish Defendant breached such a duty. While repeated unsolicited telephone calls are no doubt an annoyance, Plaintiff does not allege that he suffered severe emotional distress. Plaintiff's conclusory allegations concerning emotional distress and harm that others may experience are insufficient to support Plaintiff's claim for negligent infliction of emotional distress.

## V.     CONCLUSION

For the reasons stated above, the Court will **GRANT-IN-PART** and **DENY-IN-PART** Defendant's Motion. An appropriate Order will follow.


Date: December 18, 2025

                                               s/ Zahid N. Quraishi
                                               **ZAHID N. QURAISHI**
                                               **UNITED STATES DISTRICT JUDGE**